IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK HOLLINS, #80418-509,** *also known as* **DERRICK HOLLINS LEE, Jr.,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) Case No. 22-cv-01985-JPG |
| **OFFICER NIEHOFF,** **NURSE MIKEAL,**[1] **and** **WARDEN SPURLOCK,** | ) ) ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Derrick Hollins (a/k/a Derrick Hollins Lee, Jr.)[2] is a pretrial detainee at Pulaski County Detention Center ("Jail"). He filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his detention at the Jail. (Doc. 1, pp. 1-13). In the Complaint, Plaintiff claims that he was attacked by two detainees after being placed on a wing that had no guard and no lights on the night of May 7, 2022. He was then denied medical care for his injuries. (*Id*.). Plaintiff seeks money damages against the defendants. (*Id*. at 8).

Plaintiff also brings a claim against Nurse Mikeal for denying him medical care for his diabetes in April and May 2022. (*Id*. at 1-2, 9). He requests money damages and injunctive relief in connection with this claim. (*Id*.).

---

[1] In the Complaint, Plaintiff refers to this defendant as "Nurse Mikeal" and "Nurse Mikel" interchangeably. (Doc. 1, pp. 1-2, 9). For consistency, the Court will refer to this individual as "Nurse Mikeal."
[2] Plaintiff refers to himself interchangeably as "Derrick Hollins" and "Derrick Hollins Lee, Jr." in the Complaint (Doc. 1), Motion for Recruitment of Counsel (Doc. 2), and Motion for Leave to Proceed *in forma pauperis* (Doc. 3). Plaintiff cannot refer to himself using different names. He should consistently use his legal name. Plaintiff shall be **ORDERED** to file written notice of his legal name with the Court, so that this information can be updated on the docket sheet in CM/ECF.

1

The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 8-13): On or around May 7, 2022, Plaintiff was housed on the second floor of Pulaski County Detention Center ("Jail") in an area that has no guard. (*Id*. at 8, 10). Warden Spurlock knew this housing arrangement posed serious risks to the health and safety of detainees because he previously worked as a captain on the wings of the Jail and had firsthand knowledge of the violence that occurred there. Warden Spurlock nevertheless failed to assign a guard to the second floor, despite promises to do so, in violation of 20 ILL. ADMIN. CODE 701.20(c) and 701.130. He also housed Plaintiff in a cell with two other inmates in violation of 20 ILL. ADMIN. CODE 701.80. (*Id*.).

Around 11:10 p.m., two detainees attacked Plaintiff. At the time, the wing lights were off. (*Id*. at 8). Plaintiff sustained a fractured jaw, blood loss, headache, dizziness, and loss of consciousness overnight that caused him to urinate on himself. At least twenty-five other detainees called for help throughout the night and nearly rioted when no medical treatment was provided to the plaintiff. Officer Niehoff was assigned to work at the Jail that evening but refused to send Plaintiff for treatment at an outside hospital. The officer instead issued Plaintiff a disciplinary ticket for fighting and described his only injury as a busted lip. (*Id*.).

When other officers arrived the following morning and observed his injuries, they sent Plaintiff for emergency treatment at Union County Hospital. (*Id*. at 9). X-rays revealed several fractures in his top left and bottom right jaw that required surgical repair. Plaintiff returned to the Jail with a recommendation for surgery, but Nurse Mikeal disagreed with the findings. She sent Plaintiff to a doctor in Carbondale for a second opinion, and the second doctor agreed with the first. Even so, Nurse Mikeal delayed surgery for several weeks due to cost concerns, all while "playing doctor" and saying the doctors' opinions were "inconclusive." (*Id*.).

Plaintiff was finally sent for surgery on May 25, 2022. (*Id*.). Due to the delay, his jaw was re-broken before being wired shut. The procedure was extremely painful. Plaintiff's healing process was hindered by his housing arrangement. Sleeping on an unstable cot in a cell with two other detainees caused unnecessary jaw pain and headaches during his recovery. (*Id*.).

Plaintiff separately complains about the denial of medical care for his diabetes. He provides a copy of a general request form addressed to "medical" on May 25, 2022. Plaintiff requested treatment for his diabetes and states that he was denied insulin for two months. (*Id*. at 6). The form was returned to him without any response to this request on June 2, 2022. (*Id*.). The form and response do not mention the names of any defendants.

Plaintiff identifies Nurse Mikeal as the individual who denied him insulin and other treatment for his diabetes at the Jail. (*Id*. at 9). Plaintiff offered to provide the nurse with his medical records to confirm his diagnosis, and he even signed an authorization for release of this information. However, Nurse Mikeal refused to send for Plaintiff's medical records or treat his condition. (*Id*.). He seeks injunctive relief requiring her to do so.[3] (*Id*. at 11).

---

[3] Plaintiff seeks an "injunction" compelling this defendant to request his medical records, confirm his diagnoses with diabetes, and provide his insulin as ordered by his outside physician. He has made no request for interim relief. Should he require urgent relief, Plaintiff may file a separate "Motion for Temporary Restraining Order and/or Preliminary Injunction" pursuant to Federal Rule of Civil Procedure 65 any time.

**Discussion**

The Court designates the following enumerated counts in the *pro se* Complaint:

**Count 1:** Fourteenth Amendment claim against Warden Spurlock for subjecting Plaintiff to a serious risk of harm to his health and safety by housing him in overcrowded and unsafe living conditions at Pulaski County Jail that resulted in his attack by two detainees on or around May 7, 2022.

**Count 2:** Fourteenth Amendment claim against Officer Niehoff for denying Plaintiff medical care for injuries he sustained in an attack on or around May 7, 2022.

**Count 3:** Fourteenth Amendment claim against Nurse Mikeal for denying Plaintiff medical care for injuries he sustained in an attack on or around May 7, 2022.

**Count 4:** Fourteenth Amendment claim against Nurse Mikeal for denying Plaintiff medical care for his diabetes in April and May of 2022.

**Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

The Fourteenth Amendment Due Process Clause prohibits all forms of punishment of pretrial detainees. *See Kingsley v. Henderson*, 576 U.S. 389 (2015); *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). The Due Process Clause protects detainees from conditions that deprive the detainee of basic human needs, such as food, water, medical care, sanitation, or safety. *Hardeman v. Curran*, 933 F.3d 816, 823 (7th Cir. 2019). In order to articulate a claim under the Fourteenth Amendment, a pretrial detainee must plausibly allege that each defendant acted "purposefully, knowingly, or perhaps even recklessly" in relation to said risk of assault or denial of medical care, and the conduct was objectively unreasonable. *See Ferguson v. Cook Cnty. Corr'l Facility/Cermak*, 836 F. App'x 438, 441 (7th Cir. 2020) (citing *Miranda*, 900 F.3d at 353). Negligence does not satisfy this standard. *Ferguson*, 836 F. App'x at 441 (citing *Miranda*, 900 F.3d at 353). For screening purposes, the allegations adequately state claims for due process

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

violations against Warden Spurlock (Count 1), Officer Niehoff (Count 2), and Nurse Mikeal (Counts 3 and 4), in their individual capacities. In connection with Plaintiff's request for injunctive relief in Count 4, Warden Spurlock shall be named as a defendant in his official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011); FED. R. CIV. P. 17(d) and 21.[5] The warden shall be responsible for implementing any injunctive relief that is ordered herein.

## Motion for Recruitment of Counsel

Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is **GRANTED**. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). The Court has authority to recruit counsel for an indigent plaintiff who has made reasonable attempts to secure counsel and who is unable to represent himself due to the factual and legal difficulty of the case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (quoting *Pruitt*, 503 F.3d at 655) (recruitment appropriate where "the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."). Plaintiff seeks counsel to represent him because he is unable to find an attorney, lacks a college education, faces medical issues (diabetes), and has no access to a law library. Another inmate drafted the underlying complaint. The Court finds that Plaintiff is indigent (*see* Doc. 11), unable to secure counsel (Doc. 2), and requires assistance to move this matter forward. Accordingly, the Court will randomly select counsel through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Plaintiff *in this case*.

## Disposition

On or before **NOVEMBER 11, 2022**, Plaintiff is **ORDERED** to file written notice of his legal name so that this information can be updated on the docket sheet in CM/ECF herein.

---

[5] Federal Rule of Civil Procedure 21 states, in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party." Rule 17(d) provides: "A public officer who . . . is sued in an official capacity may be designated by official title rather than by name, but the court may order that the officer's name be added."

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against **WARDEN SPURLOCK**; **COUNT 2** will proceed against **OFFICER NIEHOFF;** and **COUNTS 3** and **4** will proceed against **NURSE MIKEAL** (a/k/a Nurse Mikel), in their individual capacities.  In addition, **WARDEN SPURLOCK** is **ADDED** in his **OFFICIAL CAPACITY** for purposes of carrying out any injunctive relief ordered herein.

**IT IS ORDERED** that **ALL OTHER CLAIMS** against Defendants are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**The Clerk of Court is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that as to **COUNTS 1, 2, 3,** and **4**, the Clerk of Court shall prepare for Defendant **WARDEN SPURLOCK (individual and official capacities), OFFICER NIEHOFF (individual capacity only),** and **NURSE MIKEAL (a/k/a NURSE MIKEL) (individual capacity only):** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, that

Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

### Assignment of Counsel

. In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney **Michael Hobin** with Reed, Armstrong, Mudge, & Morrissey, P.C. located in Edwardsville, Illinois, is **ASSIGNED** to represent Plaintiff in this civil rights case. On or before **NOVEMBER 18, 2022**, assigned counsel shall enter his/her appearance in this case. Attorney Hobin is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order, the docket sheet, and the Complaint (Doc. 1) to recruited counsel. The electronic case file is available in CM-ECF.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Plaintiff and his counsel are **ADVISED** that, because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), any unpaid out-of-pocket costs must be paid from the proceeds. *See* SDIL-LR 3.1(c)(1). If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion to reimburse expenses.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Assigned counsel may move for an exemption from PACER fees in this case by filing a motion seeking an exemption from these fees.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client.  Mr. Mills can be reached by email at alan@uplcchicago.org.  He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact.  His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district.  In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource.  It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."  The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

**DERRICK HOLLINS, #80418-509,**
**(a/k/a DERRICK HOLLINS LEE, Jr.)**
**Pulaski County Detention Center**
**Ullin, Illinois 62992**

**IT IS SO ORDERED.**

**DATED: 10/28/2022**

<u>s/J. Phil Gilbert</u>
**J. PHIL GILBERT**
**United States District Judge**