IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK HOLLINS,** *also known as* **DERRICK HOLLINS LEE, Jr.,** | ) ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 22-cv-01985-JPG ) |
| **OFFICER NEIHOFF, MIKEAL,** and **WARDEN SPURLOCK,** | ) ) ) ) ) |
| Defendants. | ) |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Derrick Hollins (a/k/a Derrick Hollins Lee, Jr.) filed this civil rights action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred when he was attacked by inmates and denied medical care by staff at Pulaski County Detention Center. (Doc. 1). He requested money damages. (*Id*. at 8). The Complaint survived preliminary review under 28 U.S.C. § 1915A and was allowed to proceed on four claims against the defendants. (Doc. 12).

In the Order for Service of Process, the Court noted that Plaintiff referred to himself using two different names (*i.e.*, Derrick Hollins and Derrick Hollins Lee, Jr.) in the Complaint (Doc. 1), Motion for Recruitment of Counsel (Doc. 2), and Motion for Leave to Proceed *in forma pauperis* (Doc. 3). (Doc. 12, p. 1 at n.2). Therefore, the Court ordered him to file written notice of his legal name before the action proceeded. (*Id*. at 5). The deadline for doing so was November 11, 2022.[1]

---

[1] Although Plaintiff was also assigned counsel, the attorney was not required to file an appearance in this matter until after Plaintiff's deadline expired for notifying the Court of his legal name. (Doc. 12, p. 7). To date, the attorney has not appeared. (*Id*.). Consequently, all orders for legal name notification have been directed to Plaintiff. (*See* Docs. 12, 21, 22, and 25).

1

Plaintiff did not comply with this Order by the deadline, and he did not seek an extension of the deadline.

The Court entered a second Order on November 18, 2022:

> ORDER: Plaintiff referred to himself using different names in the [1] Complaint. In the [12] Order for Service of Process, the Court ORDERED him to file written notice of his legal name by NOVEMBER 11, 2022. (See Doc. 12, p. 1 n.2). He failed to do so or request an extension of the deadline for doing so. Plaintiff is, once again, ORDERED to filed written notice of his correct legal name on or before November 28, 2022. **He is WARNED that failure to do so may result in sanctions that include dismissal of this action for failure to comply with a court order. See Fed. R. Civ. P. 41(b).**

(Doc. 21) (emphasis added). Plaintiff again failed to comply with the Order to disclose his legal name. He missed the extended deadline on November 28, 2022, and he did not request an extension.

The Court entered the following Order to Show Cause on December 15, 2022:

> ORDER TO SHOW CAUSE: Plaintiff referred to himself using different names in the [1] Complaint. In the [12] Order for Service of Process, the Court ORDERED him to file written notice of his legal name by NOVEMBER 11, 2022. (See Doc. 12, p. 1 n.2). He failed to do so or request an extension of the deadline for doing so. The Court granted an extension of this deadline until November 28, 2022. However, he again failed to notify the Court of his legal name or request an extension for doing so. He is ORDERED TO SHOW CAUSE why this case should not be dismissed based on his failure to provide the Court with notice of his legal name, comply with the court's orders (Docs. 12 and 21), and prosecute his claims. **Plaintiff is WARNED that failure to respond on or before DECEMBER 29, 2022, shall result in dismissal of this action. Fed. R. Civ. P. 41(b).**

(Doc. 22) (emphasis added). Plaintiff did not respond to the Order to Show Cause by December 29, 2022, and he did not request an extension of the deadline to respond.

After he disregarded three separate Orders for disclosure of his correct legal name (*see* Docs. 12, 21, and 22), the Court entered the below Notice of Impending Dismissal:

> NOTICE OF IMPENDING DISMISSAL: Plaintiff has repeatedly disregarded the Court's Orders requiring him to file written notice of his legal name. (See Docs. 12, 21, and 22). He missed court-imposed deadlines for doing so on November 11, 2022, November 28, 2022, and December 29, 2022. He also failed to respond to the [22] Order to Show Cause why this case should not be dismissed based on his failure to comply with these Orders and

2

for failure to prosecute his claims. **He is WARNED that this case will be DISMISSED, if he does not respond to this Order by providing written notice of his legal name and a response to the [22] Order to Show Cause by JANUARY 13, 2023.** The Court hereby DEFERS entry of a scheduling order until Plaintiff complies with this Order.

(Doc. 25) (emphasis added). The deadline for responding to the Notice of Impending Dismissal expired more than a week ago on January 13, 2023, and the Court has received no communication from Plaintiff.

To date, Plaintiff has disregarded Orders to confirm his legal name by November 11, 2022 (Doc. 12), November 18, 2022 (Doc. 21), December 29, 2022 (Doc. 22), and January 13, 2023 (Doc. 25). The Court has received no communication from him since the month he filed this lawsuit, *i.e.*, August 2022. (Doc. 8).

The Court now finds that Plaintiff has failed to comply with the Court's Orders at Docs. 12, 21, 22, and 25 to provide written notice of his legal name. He has ignored an Order to Show Cause. (Doc. 22). Plaintiff has also disregarded the Notice of Impending Dismissal. (Doc. 25). The Court will not allow this matter to linger indefinitely. This action will be dismissed without prejudice based on Plaintiff's failure to comply with these Orders and his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b).

## Disposition

**IT IS ORDERED** that this action is **DISMISSED** without prejudice, based on Plaintiff's failure to comply with the Court's Orders (Docs. 12, 21, 22, and 25) to provide written notice of his correct legal name and based on his failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

**IT IS ORDERED** that Attorney Michael C. Hobin with Reed, Armstrong *et al*. is granted **RELIEF** from assignment as Plaintiff's counsel, and the Clerk's Office is **DIRECTED** to **RETURN** Michael C. Hobin's name to the Pro Bono Panel without delay.

**IT IS ORDERED** that Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, regardless of subsequent developments in the case. Accordingly, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 1/23/2023**

s/J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**United States District Judge**